MEMORANDUM **
Xiao Luo Huang, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ order summarily affirming an immigration judge’s (“IJ”) decision denying his application for withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the IJ’s decision unless the *686 evidence compels a contrary conclusion. Lim v. INS, 224 F.3d 929, 933 (9th Cir. 2000). We deny the petition for review.
We reject the government’s argument that, because Huang was convicted of an aggravated felony, we lack jurisdiction to review the denial of withholding of removal and CAT relief. See Bromfield v. Mukasey, 543 F.3d 1071, 1075 n. 4 (9th Cir.2008) (where an IJ denies relief on the merits, the court has jurisdiction to review withholding of removal and CAT claims even if the sole basis for removability is an aggravated felony).
Substantial evidence supports the IJ’s determination that Huang failed to establish the deprivations he suffered rose to the level of persecution. See Lim, 224 F.3d at 936. Substantial evidence also supports the IJ’s determination that Huang failed to establish a clear probability of future persecution based on imputed political opinion or religion. See id. at 938-39. Accordingly, we deny the petition as to Huang’s withholding of removal claim.
Substantial evidence also supports the IJ’s denial of Huang’s CAT claim because he failed to establish it is more likely than not that he will be tortured if he returns to China. See Singh v. Ashcroft, 351 F.3d 435, 443 (9th Cir.2003).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.